Kenneth P. Green, SBN 24036677
kgreen@snowspencelaw.com
Aaron M. Guerrero, SBN 24050698
aaronguerrero@snowspencelaw.com
Carolyn Carollo, SBN 24083437
carolyncarollo@snowspencelaw.com
Bryan Prentice, SBN 24099787
bryanprentice@snowspencelaw.com
SNOW SPENCE GREEN LLP
2929 Allen Parkway, Suite 2800
Houston, TX  77019
Telephone:  713-335-4800
Attorneys for Charles C. Gebhardt,
Trustee for the Miller Energy Resources Creditors' Liquidation Trust

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Cook Inlet Energy, LLC, et al.[1] | § | Case No. 15-00236 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |
| Charles C. Gebhardt, Trustee for the Miller Energy Resources Creditors' Liquidation Trust | § § § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary No. _____ |
| | § | |
| AEGIS CAPITAL CORP., DOMINICK AND DICKERMAN LLC (F/K/A DOMINICK & DOMINICK LLC), IBS HOLDING CORP. DBA I-BANKERS SECURITIES, INC., LADENBURG THALMANN & CO. INC., MAXIM GROUP LLC, MLV & CO. LLC, NATIONAL SECURITIES CORPORATION, NORTHLAND SECURITIES, INC., and WILLIAMS FINANCIAL GROUP | § § § § § § § § § § § | |
| | § | |
| Defendants. | § | |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cook Inlet Energy, LLC, an Alaska limited liability company (6643); Miller Energy Resources, Inc., a Tennessee corporation (8629); Miller Energy Services, LLC, a Delaware limited liability company (8670); Miller Energy GP, LLC, a Delaware limited liability company (0999); Miller Rig & Equipment, LLC, a Delaware limited liability company (8727); Miller Drilling, TN LLC, a Tennessee limited liability company (8891); East Tennessee Consultants, Inc., a Tennessee corporation (3108); East Tennessee Consultants II, L.L.C., a Tennessee limited liability company (0107); Anchor Point Energy, LLC, an Alaskan limited liability company (7946); Savant Alaska, LLC, a Colorado limited liability company (0579); and Nutaaq Operating LLC, an Alaska limited liability company (2908).

1

**LIQUIDATING TRUSTEE'S COMPLAINT TO SUBORDINATE CLAIMS
PURSUANT TO 11 U.S.C. § 510(b)**

Charles Gebhardt (the "Trustee" or "Plaintiff"), as the Trustee of the Miller Energy Resources Creditors' Liquidating Trust, files this Complaint to subordinate pursuant to 11 U.S.C. § 510(b) the claims of Aegis Capital Corp. ("Aegis"), Dominick and Dickerman LLC (f/k/a Dominick & Dominick LLC) ("Dominick"), IBS Holding Corp. dba I-Bankers Securities, Inc. ("IBS"), Ladenburg Thalmann & Co. Inc. ("Ladenburg"), Maxim Group LLC ("Maxim"), MLV & Co. LLC ("MLV"), National Securities Corporation ("National"), Northland Securities, Inc. ("Northland") and Williams Financial Group ("Williams") (collectively, Aegis, Dominick, IBS, Ladenburg, Maxim, MLV, National, Northland, and Williams will be referred to as the "Underwriters" or "Defendants") pursuant to 11 U.S.C. § 510(b), and alleges as follows:

## I.
## Introduction

1. Trustee files this Complaint to subordinate the proof of claim filed by each Underwriter. Each Underwriter filed a proof of claim in the bankruptcy case of Debtor Miller Energy Resources, Inc. ("MER") seeking indemnification and contribution for the liability and costs incurred by the Underwriters in connection with the causes of actions asserted by the plaintiffs in the securities class actions entitled (i) *Marcia Goldberg, Individually and on Behalf of all Others Similarly Situated v. Deloy Miller, et al.* and (ii) *Kenneth Gaynor, Individually and on Behalf of all Others Similarly Situated v. Deloy Miller, et al.* (collectively, the "Securities Class Actions"). The Securities Class Actions were initially filed in the Circuit Court for Morgan County, 9th Judicial District, Tennessee and have since been removed to the United States District Court for the Eastern District of Tennessee, Knoxville Division, where they are pending at the time of the filing of this Complaint. The plaintiff's claims in the Securities Class Actions are based on

2

purchases and other acquisitions of the publicly traded securities of MER. Each Underwriters proof of claim seeks indemnification from the bankruptcy estate for certain costs and expenses incurred by each Underwriter in defending the Securities Class Action and for additional costs and expenses in connection with either a settlement or judgment in the Securities Class Actions.

2.  Each Underwriter's proof of claim constitutes "a claim arising…for damages arising from the purchase or sale [of a security in the debtor], or for reimbursement or contribution allowed under section 502 on account of such a claim…" 11 U.S.C. § 510(b). As such, each Underwriter's proof of claim shall be subordinated to general unsecured claims and reclassified as an equity interest in the Debtors.

3.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) & (O). Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## Jurisdiction and Venue

4.  The Plaintiff is Charles Gebhardt, the Trustee for the Cook Inlet Energy Creditors' Trust, which was formed and authorized by the Confirmed Plan (hereinafter defined) in the above-referenced Chapter 11 Bankruptcy Case of *In re Cook Inlet Energy, LLC, et al.*, Bankruptcy Case No. 15-00236 (the "Bankruptcy Case").

## III.
## Parties

5.  Defendant is Aegis Capital Corp., a Delaware domestic business corporation. Defendant may be served with process pursuant to Fed R. Bankr. P. 7004(b) by serving a copy of

3

this Complaint and the Summons on Robert Jay Eide, its Chief Executive Officer, at 810 7th Avenue 18th Floor, New York, New York, 10019.

6. Defendant is Dominick and Dickerman LLC (f/k/a Dominick & Dominick LLC), a Delaware limited liability company. Defendant may be served with process pursuant to Fed R. Bankr. P. 7004(b) by serving a copy of this Complaint and the Summons on Defendant's registered agent, Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, DE 19808.

7. Defendant is IBS Holding Corp. dba I-Bankers Securities, Inc., a Delaware corporation. Defendant may be served with process pursuant to Fed R. Bankr. P. 7004(b) by serving a copy of this Complaint and the Summons on Defendant's registered agent, Corporation Service Company, 2711 Centerville Rd, Suite 400, Wilmington, DE 19808.

8. Defendant is Ladenburg Thalmann & Co. Inc., a Delaware corporation. Defendant may be served with process pursuant to Fed R. Bankr. P. 7004(b) by serving a copy of this Complaint and the Summons on Defendant's registered agent, Corporate Creations Network Inc., 3411 Silverside Rd. #104 Rodney Building, Wilmington, DE 19810.

9. Defendant is Maxim Group LLC, a New York limited liability company. Defendant may be served with process pursuant to Fed R. Bankr. P. 7004(b) by serving a copy of this Complaint and the Summons on Defendant at Maxim Group LLC, 405 Lexington Avenue, 2nd Floor, New York, New York 10174.

10. Defendant is MLV & Co. LLC a Delaware limited liability company. Defendant may be served with process pursuant to Fed R. Bankr. P. 7004(b) by serving a copy of this Complaint and the Summons on Defendant's registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

4

11. Defendant is National Securities Corporation, a Delaware corporation. Defendant may be served with process pursuant to Fed R. Bankr. P. 7004(b) by serving a copy of this Complaint and the Summons on Defendant's registered agent, Delaware Corporate Services Inc., 901 N. Market St. Ste. 705, Wilmington, DE 19801.

12. Defendant is Northland Securities, Inc., a Minnesota corporation. Defendant may be served with process pursuant to Fed R. Bankr. P. 7004(b) by serving a copy of this Complaint and the Summons on Defendant's chief executive officer, Randy Nitzsche, 45 S 7th Street #2000, Minneapolis, MN 55402-1625.

13. Defendant is Williams Financial Group, a Texas corporation. Defendant may be served with process pursuant to Fed R. Bankr. P. 7004(b) by serving a copy of this Complaint and the Summons on Defendant's registered agent, Wilson Williams, 2711 N. Haskell Avenue, Suite 2900, Dallas, Texas 75204.

## IV.
## Background

14. The Underwriters are investment banking firms that underwrote the February 13, 2013, May 8, 2013 and June 28, 2013 offerings of MER's 10.75% Series C Cumulative Preferred Stock and the September 26, 2013, October 17, 2013 and August 21, 2013 offerings of MER's 10.5% Series D Fixed Rate/Floating Rate Cumulative Redeemable Preferred Stock.

15. On or about November 6, 2015, two separate complaints (collectively, the "Securities Complaints") were filed in the Circuit Court for Morgan County, Tennessee commencing the Securities Class Actions. Attached hereto as **Exhibit A** and **Exhibit B** are the Securities Complaints. The Securities Complaints assert claims against certain of MER's officers and directors and each of the Underwriters for violations of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* The claims and causes of action alleged in the Securities Complaints result from

5

alleged false and misleading statements made in a September 6, 2012 registration statement filed with the Securities and Exchange Commission in connection with all six (6) of the offerings at issue.

16.    The Securities Class Actions were removed to the United States District Court for the Eastern District of Tennessee, Knoxville Division, where they are pending at the time this Complaint is filed.

17.    On August 6, 2015 (the "CIE Petition Date"), an involuntary bankruptcy petition was filed against Cook Inlet Energy, LLC ("CIE") in the United States Bankruptcy Court for the District of Alaska (the "Bankruptcy Court").  CIE is a subsidiary of MER.  On October 1, 2015, CIE consented to adjudication as a debtor under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  Also, on October 1, 2015 (the "Miller Petition Date"), MER and several of its subsidiaries filed voluntary petitions under the Bankruptcy Code in the Bankruptcy Court.

18.    The Underwriters filed the following proofs of claims (collectively, the "Subject Claims") in the MER bankruptcy case:

| Claimant | Proof of Claim No. (Case Filed) |
|---|---|
| Aegis Capital Corp. | 29 (Miller Energy Resources, Inc.) |
| Dominick & Dickerman LLC f/k/a Dominick & Dominick LLC | 30 (Miller Energy Resources, Inc.) |
| IBS Holding Corp. d/b/a I-Bankers Securities, Inc. | 166 (Miller Energy Resources, Inc.) |
| Ladenburg Thalmann & Co. Inc. | 31 (Miller Energy Resources, Inc.) |
| Maxim Group LLC | 27 (Miller Energy Resources, Inc.) |

| | |
|---|---|
| MLV & Co. LLC | 26 (Miller Energy Resources, Inc.) |
| National Securities Corporation | 28 (Miller Energy Resources, Inc.) |
| Northland Securities, Inc. | 32 (Miller Energy Resources, Inc.) |
| Williams Financial Group | 52 (Miller Energy Resources, Inc.) |

Each of the Subject Claims is attached hereto as **Exhibits C – K**.

19. By the Subject Claims, each Underwriter seeks an unliquidated amount, the basis of which is described as "Indemnification Agreement - - See Rider". Each Subject Claim seeks indemnification and reimbursement from the bankruptcy estate under six (6) underwriting agreements between MLV & Co. LLC, as representative, and MER: February 2, 2013 "Underwriting Agreement," May 7, 2013 "Underwriting Agreement," June 27, 2013 "Underwriting Agreement," September 25, 2013 "Underwriting Agreement," October 17, 2013 "Underwriting Agreement," and August 20, 2014 "Underwriting Agreement." Underwriters contend that the Debtors agreed to indemnify and hold harmless the Underwriters against any and all losses, claims, damages or liabilities, joint or several, to which an Underwriter may become subject including any legal or other expenses reasonably incurred in connection with investigating or defending against any loss, claim, damage, liability, action, litigation, investigation or proceeding.

20. The Subject Claims seeks indemnification and reimbursement from the bankruptcy estate for the costs and expenses incurred, and to be incurred, by the Underwriters in the Securities Class Actions. Each Subject Claim also seeks indemnification and reimbursement from the

bankruptcy estate for additional costs and expenses in connection with either a settlement or a judgment in the Securities Class Actions.

21. On January 28, 2016, the Bankruptcy Court entered the Order Confirming [Doc. No. 502] (the "Confirmation Order") the Joint Plan of Reorganization [Doc. No. 364] (the "Confirmed Plan"). Pursuant to the Confirmed Plan, the Trustee was provided the authority to settle, compromise or litigate to judgment any objections to general unsecured claims.

## V.
## Count 1: Subordination – 11 U.S.C. § 510(b)

22. The Trustee incorporates all preceding paragraphs as if fully re-alleged herein.

23. By Count 1, the Trustee request the Court subordinate each Subject Claim to all General Unsecured Claims, as that term is defined in the Confirmed Plan, because the Subject Claims are claims for damages arising from the purchase or sale of a security of MER or for reimbursement or contribution allowed under Section 502 on account of such claim.

24. 11 U.S.C. § 510(b) provides:

> For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock

25. 11 U.S.C. § 510(b) subordinates indemnification claims of a debtor's underwriters for both liability and expenses incurred in connection with the pursuit of claims for rescission or damages by purchasers or sellers of the debtor's securities. *See In re Jacom Computer Services,* 280 B.R. 570, 572 (Bankr. S.D.N.Y. 2002) ("indemnification claims of a debtor's underwriters for legal expenses incurred in defense of an action commenced by the debtor's shareholders, which action named the underwriters as defendants, for, among other things, securities fraud, should be

8

subordinated pursuant to the plain language of section 510(b)."); *In re Mid-American Waste Systems*, 228 B.R. 816, 824 (Bankr. Del. 1999) ("I find that the plain language of § 510(b), its legislative history, and applicable case law clearly show that § 510(b) intends to subordinate the indemnification claims of officers, directors, and underwriters for both liability and expenses incurred in connection with the pursuit of claims for rescission or damages by purchasers or sellers of the debtor's securities."); *In re De Laurentiis Entertainment Group, Inc.*, 124 B.R. 305, 310 (C.D. Cal. 1991)(Court held that claimant's claim for litigation expenses incurred in defending an action brought by securities holders is subordinated under Section 510(b) to the claims of the general unsecured creditors.).

26. The Securities Class Actions seek damages arising from the purchase or sale of securities in Debtor MER. The Underwriters underwrote the February 13, 2013, May 8, 2013 and June 28, 2013 offerings of MER's 10.75% Series C Cumulative Preferred Stock and the September 26, 2013, October 17, 2013 and August 21, 2013 offerings of MER's 10.5% Series D Fixed Rate/Floating Rate Cumulative Redeemable Preferred Stock. By each Subject Claim, the Underwriters are seeking indemnification and reimbursement for costs, expenses and liability incurred in connection with the Securities Class Actions.

27. As such, the Subject Claims must be subordinated to General Unsecured Claims, as that term is defined in the Confirmed Plan, pursuant to 11 U.S.C. § 510(b).

## VIII.
## Prayer

WHEREFORE, the Trustee requests entry of judgment against the Underwriters as declaring each Subject Claim subordinated to all General Unsecured Claims, as that term is defined in the Confirmed Plan, and for such further other and further relief as the Court deems just and proper.

Dated: September 23, 2016            Respectfully submitted,

**SNOW SPENCE GREEN LLP**

By:     */s/ Aaron M. Guerrero*
        Kenneth Green, SBN 24036677
        kgreen@snowspencelaw.com
        Aaron M. Guerrero, SBN 24050698
        aaronguerrero@snowspencelaw.com
        Carolyn Carollo, SBN 24083437
        carolyncarollo@snowspencelaw.com
        Bryan Prentice, SBN 24099787
        bryanprentice@snowspencelaw.com
        2929 Allen Parkway, Suite 2800
        Houston, TX  77019
        (713) 335-4800
        (713) 335-4848 fax

**ATTORNEYS FOR CHARLES C. GEBHARDT, TRUSTEE FOR THE MILLER ENERGY RESOURCES CREDITORS' LIQUIDATION TRUST**

I:\Client\GEBC0009-Miller Energy-Claim Objections\Underwriters Adversary\Complaint to Subordinate Underwriter's Claims.docx